## JOSEPH P. HARDY *vs.* DANIEL POTTER.

The Rev. Sts. *c.* 28, § 154, requiring lumber to be surveyed before sale, do not apply to a sale in another state of lumber in this commonwealth.

Testimony of a purchaser of lumber that he bought and paid for it in another state, the lumber being then in the custody of an agent of the seller in this state, to whom the seller promised to write; that nothing more was to be done between the seller and himself in relation to the sale; and that he afterwards saw it here; is sufficient evidence of a delivery to be submitted to the jury.

ACTION OF TORT for the conversion of lumber. Answer, that the defendant took it on mesne process against John Adams in January 1856; and that any previous sale of it by Adams to the plaintiff was void, because fraudulent, and because the lumber had not been previously surveyed as required by law.

At the trial in the court of common pleas before *Mellen*, C. J., the plaintiff testified that he bought the lumber from Adams at Frankfort, Maine, in October 1855, and took two bills of sale of it, and paid for it by his promissory notes; that the lumber was then lying on certain wharves in Beverly in this county, in the custody of John H. Cross, an agent of Adams, and to whom Adams promised to write; that nothing more was to be done between himself and Adams in relation to the sale; that the lumber was bought by the marks of the survey made in Maine, and was not surveyed in Massachusetts before its attachment by the defendant; and that in the fall of 1855 he saw it in Beverly. The plaintiff offered no further evidence of delivery, but rested his case.

The defendant asked the presiding judge to rule, " that the plaintiff could not maintain his action, because,

" 1st. It did not appear by the evidence introduced by the plaintiff that there was any such delivery as would perfect the sale from Adams to the plaintiff.

" 2d. It appeared from the evidence that the sale, if any there was, was in violation of the provisions of the Rev. Sts. *c.* 28, § 154, and was therefore void."

The presiding judge refused so to rule; but ruled, and subse-

8 *

quently instructed the jury, " that if nothing more remained to be done between the parties, and if the plaintiff prior to the attachment had been to Beverly, to the place where the lumber was, and had exercised acts of ownership over it by virtue of his purchase, and treated it as his property, that would constitute a delivery of it; " and " that if the contract was executed and the possession of the property had passed to the plaintiff, and he was holding under that purchase when it was attached by the defendant, it was not a matter that would avoid the contract that there had been no survey of the lumber in this state before such attachment, or before the delivery of the lumber to the plaintiff." The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*J. A. Gillis,* for the defendant.

*O. P. Lord,* for the plaintiff.

MERRICK, J. The plaintiff claims the lumber under two bills of sale thereof from John Adams. The contract of sale was made and completed in the State of Maine, where the vendor and vendee then both were; but the lumber thus sold was then lying on a wharf in Beverly in this state. It does not appear, and it has not been suggested, that the contract of sale was in contravention of, or invalid under, the laws of the State of Maine. It cannot be affected by the provisions of the statute of this commonwealth, Rev. Sts. *c.* 28, § 154, which has no extraterritorial operation. And being legal and valid by the laws of the state where the contract was made, the bills of sale made for a good and valuable consideration transferred the property to the plaintiff from Adams, and the sale was thereupon effectual against him, and against all other persons, except subsequent *bona fide* purchasers and attaching creditors, who should obtain possession thereof before there was any delivery to or possession taken by the plaintiff of the same.

Whether there was any such delivery or possession taken by the plaintiff of the lumber before it was attached by the defendant was submitted to the jury upon proper and correct instructions; and their verdict is decisive upon that question.

*Exceptions overruled.*